FILED

'14 AUG 20 PM 2:22

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: /s/ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAVON PIERCE, CDCR #F-13921, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> PRESIDENT BARACK OBAMA, et al., <br><br> Defendants. | Civil No. 14-CV-00691 BEN (KSC) <br><br> **ORDER:** <br><br> **1) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** <br><br> **AND** <br><br> **2) DENYING MOTION TO CERTIFY CLASS AND CONSOLIDATE CASES AS MOOT** <br><br> **[Doc. No. 3]** |

Seavon Pierce ("Plaintiff"), a prisoner currently incarcerated at California State Prison in Lancaster, California ("LAC"), has filed a civil complaint ("Compl."), purportedly under the "False Claims Act," in which he seeks this Court's "intervention" in another civil action he filed in the Eastern District of California. *See* Compl. (Docket No. 1) at 1, 6-8.

Plaintiff has also filed a request for class certification pursuant to Federal Rule of Civil Procedure 23, on behalf of himself and "all inmates defined as U.S. prisoners under

the A.E.D.P.A.," which is coupled with a request to consolidate this case with his Eastern District case. *See* Pl.'s Mot. (Doc. No. 3) at 1, 2, 4.

## I. FAILURE TO PAY FILING FEE OR REQUEST IFP STATUS

All parties instituting any civil action, suit or proceeding in a district court of the United States, other than a writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

Plaintiff has not prepaid the $400 in filing and administrative fees required to commence this action, nor has he submitted a Motion to Proceed IFP. Therefore, his case is subject to immediate dismissal pursuant to 28 U.S.C. § 1914(a). While the Court would ordinarily grant him leave to file an IFP motion pursuant 28 U.S.C. § 1915(a), it finds, for the reasons set out below, that doing so would be futile since Plaintiff is no longer entitled to that privilege.

## II. 28 U.S.C. § 1915(g)'S "THREE-STRIKES" BAR

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). "Prisoners," however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee" in installments as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP in cases where the prisoner:

> . . . has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a), (b); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, eff. May 1, 2013. However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. *Id.*

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (hereafter "*Andrews*"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.; see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "prisoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1055 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

### III. APPLICATION TO PLAINTIFF

As an initial matter, the Court has carefully reviewed Plaintiff's pleading and has ascertained that it contains no "plausible allegation" to suggest Plaintiff "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)). Instead, Plaintiff appears to seek this Court's intervention in another civil case he filed in the Eastern District of California, which is being heard by United States Magistrate Judge Jennifer L. Thurston in Civil Case No. 1:10-cv-00285-JLT. *See* Compl. at 1, 2, 4. While not altogether clear, it appears

1  Plaintiff seeks to challenge a "judgment/settlement" entered by Judge Thurston in that
2  case which he claims effects his "contemplated" and "still pending litigation." *Id.* at 7.[2]

3  A court "'may take notice of proceedings in other courts, both within and without
4  the federal judicial system, if those proceedings have a direct relation to matters at
5  issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v.*
6  *Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel.*
7  *Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

8  Thus, this Court takes judicial notice that Plaintiff, Seavon Pearce, CDCR Inmate
9  #F-13921, has had at least *four* prior civil actions or appeals dismissed on the grounds
10 that they were frivolous, malicious, or failed to state a claim upon which relief may be
11 granted. They include:

12 (1) the Eastern District Case he seeks to "consolidate" with this civil action, *Pierce*
13 *v. Gonzales, et al.*, Civil Case No. 1:10-cv-00285-JLT (Dec. 3, 2012 Order Dismissing
14 Action for failing to state a claim) (Docket No. 27), and (Jan. 30, 2013 Order Revoking
15 In Forma Pauperis Status on Appeal) (Docket No. 38) (strike one);

16 (2) *Pierce v. McEwan, et al.*, Central Dist. Cal. Civil Case No. 2:12-cv-08240-
17 UA-CW (Oct. 11, 2012 and Nov. 9, 2012) (Orders denying leave to file action without
18 prepayment of full filing fee on grounds that action was frivolous, malicious, or failed
19 to state a claim) (Docket Nos. 2, 8) (strike two);

---

[2] Even if Plaintiff were entitled to proceed IFP, it is patently clear that to the extent he seeks to challenge the validity of any decision entered by Judge Thurston or the District Judge, it is the Ninth Circuit which has jurisdiction to review final judgments of the district courts. *See* 28 U.S.C. § 1291 (providing that courts of appeals have jurisdiction over appeals from district courts). This Court has no authority to "intercede" in Plaintiff's Eastern District case, or to review or overturn a decision rendered by another federal district court. *See, e.g., In re McBryde*, 117 F.3d 208, 223, 225-26 & n. 11 (5th Cir. 1997) ("[T]he structure of the federal courts does not allow one judge of a district court to rule directly on the legality of another district judge's judicial acts or to deny another district judge his or her lawful jurisdiction.") (citing *Dhalluin v. McKibben*, 682 F. Supp. 1096 (D. Nev.1988)); *Marshall v. Managed Care Advisory Grp.*, 452 F. Supp. 2d 792, 793 (N.D. Ohio 2006) (citing cases for proposition that "[i]t is axiomatic that one district court has no jurisdiction to review the decision of another district court").

1  (3) *Pierce v. California State, et al.*, Central District Cal. Civil Case No. 2:12-cv-
2  09211-UA-CW (Nov. 20, 2012 Order denying leave to file action without prepayment
3  of full filing fee on grounds that action was frivolous, malicious, or failed to state a
4  claim) (Docket No. 5) (strike three); and

5  (4) *Pierce v. Warden of Lancaster*, Central Dist. Cal. Civil Case No. 2:13-cv-
6  01939-UA-CW (March 28, 2013 Order denying leave to file action without prepayment
7  of full filing fee on grounds that action was frivolous, malicious, or failed to state a
8  claim) (Docket No. 2) (strike four).

9  Accordingly, because Plaintiff has, while incarcerated, accumulated more than
10 three "strikes" as defined by § 1915(g), and he fails to make a "plausible allegation" that
11 he faced imminent danger of serious physical injury at the time he filed his Complaint,
12 he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493
13 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (noting that 28
14 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only
15 precludes prisoners with a history of abusing the legal system from continuing to abuse
16 it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th
17 Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not
18 right.").

19 **IV.   PLAINTIFF'S MOTION TO CERTIFY CLASS AND CONSOLIDATE CASES**

20 Plaintiff has also moved to certify this action on behalf of "all inmates defined as
21 U.S. prisoners under A.E.D.P.A." and seeks declaratory relief pursuant to Federal Rule
22 of Civil Procedure 23(b)(2). *See* Pl.'s Mot. (Doc. No. 3) at 1.

23 Before the court considers the merits of a claim, however, it must determine
24 whether an actual case or controversy exists under Article III of the Constitution.
25 *Jackson v. Cal. Dep't of Mental Health*, 399 F.3d 1069, 1071 (9th Cir. 2005). Because
26 Plaintiff has been denied leave to proceed IFP in this matter, his Motion to Certify Class
27 / / /
28 / / /

and to Consolidate Cases (Doc. No. 3) is **DENIED** as moot.[3] *See Feldman v. Bomar*, 518 F.3d 637, 642 (9th Cir. 2008) ("The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted.") (internal quotation marks and citation omitted).

## V. CONCLUSION AND ORDER

For the reasons set forth above, the Court hereby:

(1) **DISMISSES** this action sua sponte without prejudice for failing to prepay the $400 civil filing fee required by 28 U.S.C. § 1914(a);

(2) **DENIES** Plaintiff's Motion to Certify Class and Consolidate Cases (Docket No. 3) as moot; and,

(3) **CERTIFIES** that an IFP appeal from this Order would also be frivolous and therefore, not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977).

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: August /9, 2014

HON. ROGER T. BENITEZ
United States District Judge

---

[3] Even if Plaintiff's request to certify his case as class action brought on behalf of "all inmates defined as U.S. prisoners under A.E.D.P.A.," *see* Pl.'s Mot. at 1, pursuant to Federal Rule of Civil Procedure 23 were not moot, it would be denied because he is proceeding pro se, has no authority to represent the legal interest of any other party, and is not an adequate class representative. *See* FED. R. CIV. P. 23(a)(4) (requiring that class representative be able to "fairly and adequately protect the interests of the class"); *Perondi v. Schriro*, 370 F. App'x 805, 2010 WL 829009, at *1 (9th Cir. 2010) (affirming district court's denial of pro se litigant's motion for class certification pursuant to Rule 23(a)(4) because as lay person, he lacked authority to appear as an attorney for others) (citing *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008); *Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995); *see also* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel.").