FILED
14 OCT -2 AM 11:09
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
                                    DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAVON PIERCE, CDCR #F-13921,<br><br>Plaintiff,<br><br>vs.<br><br>PRESIDENT BARACK OBAMA, et al.,<br><br>Defendants. | Civil No. 14-cv-0691 BEN (KSC)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION PURSUANT TO FED. R. CIV. P. 60(b)<br><br>[ECF Doc. No. 6] |

## I. PROCEDURAL HISTORY

Seavon Pierce ("Plaintiff"), a prisoner currently incarcerated at Corcoran State Prison, filed this civil action, invoking the "False Claims Act" and seeking this Court's "intervention" in another civil action he filed in the Eastern District of California. Compl. (ECF Doc. No. 1) at 1, 6-8. Plaintiff also filed a request for class certification pursuant to Fed. R. Civ. P. 23, on behalf of himself and "all inmates defined as U.S. prisoners under the A.E.D.P.A., the Anti-Effective Death Penalty Act," coupled with a request to consolidate this case with his Eastern District case. *See* Pl.'s Mot. (ECF Doc. No. 3) at 1, 2, 4.

///

On August 20, 2014, the Court dismissed the action without prejudice because Plaintiff failed to prepay the $400 civil filing fee required by 28 U.S.C. § 1914(a), and because he failed to file a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). Aug. 20, 2014 Order (ECF Doc. No. 4) at 2, 6. The Court simultaneously denied Plaintiff's request for class certification and consolidation as moot. *Id.* at 5, 6. In addition, the Court noted that while it "would ordinarily grant [Plaintiff] leave to file an IFP Motion," doing so "would be futile since [he] is no longer entitled to that privilege." *Id.* at 2. Specifically, the Court took judicial notice of "at least *four* prior civil actions or appeals" filed by Plaintiff while incarcerated which had been "dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted." *Id.* at 4-5. The Court further determined that because Plaintiff's Complaint failed to make any "plausible allegation" that he faced imminent danger of serious physical injury at the time it was filed, 28 U.S.C. § 1915(g) precluded his ability to proceed without full prepayment of fees. *Id.* at 5, 6 (citing *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007)). On August 21, 2014, the Clerk entered judgment accordingly. (ECF Doc. No. 5).

On September 4, 2014, Plaintiff filed a Notice of Appeal to the Ninth Circuit, together with a Motion for Reconsideration of this Court's August 20, 2014 Order pursuant to Fed. R. Civ. P. 60(a) and (b). (ECF Doc. Nos. 6, 7).[1]

## II.   PLAINTIFF'S MOTION FOR RECONSIDERATION

The Federal Rules of Civil Procedure do not expressly provide for motions for reconsideration. However, the Court may reconsider matters previously decided under Rule 60(b).[2] *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989); *In re*

---

[1] On September 10, 2014, and September 14, 2014, the Court permitted Plaintiff to file supplemental documents in support of his "Request for Relief" pursuant to "Rule 60(a) and (b)." (ECF Doc. Nos. 12, 14).

[2] Plaintiff also cites Fed. R. Civ. P. 60(a) as a basis for his Motion. (ECF Doc. Nos. 6, 12). Under Rule 60(a), a court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Plaintiff fails to identify any "clerical" mistake in this Court's

*Arrowhead Estates Dev. Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994). Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005); *Wood v. Ryan*, 759 F.3d 1117, 1119 (9th Cir. 2014). A district court may properly reconsider and grant relief from a final judgment or order pursuant to Rule 60(b) if it "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).[3]

Plaintiff's Motion for Reconsideration (ECF Doc. No. 6) points to no newly discovered evidence, identifies no intervening change in the legal basis for this Court's August 20, 2014 Order of dismissal, nor offers any argument or evidence to suggest the Court was mistaken in finding him unable to proceed IFP due to the "strikes" he accumulated under 28 U.S.C. § 1915(g). Instead, Plaintiff's Motion appears to be a further attempt to elicit this Court's review of the "infringements" he claims were committed by the Eastern District of California in *Pierce v. Gonzales*, No. 1:10-cv-00285-SMS, 2010 U.S. Dist. LEXIS 53978 (E.D. Cal. May 4, 2010). *See* Pl.'s Mot. (ECF Doc. No. 6) at 1-4.

As the Court noted in its August 20, 2014 Order, however, only the Court of Appeals has jurisdiction to review final judgments of district courts, and this Court has no authority to "intercede" in Plaintiff's Eastern District case. Aug. 20, 2014 Order (ECF Doc. No. 4) at 4 n.2 (citing 28 U.S.C. § 1291; *In re McBryde*, 117 F.3d 208, 223, 225-26 & n.11 (5th Cir.1997) ("[T]he structure of the federal courts does not allow one

---

August 20, 2014 Order, however, and instead appears to seek reconsideration based on an "infringements" that "must be resolved as a matter of law" and in relation to his Eastern District of California case. *See* Pl.'s Mot. (ECF Doc. No. 6) (citing *Pierce v. Gonzales*, No. 1:10-cv-00285-SMS, 2010 U.S. Dist. LEXIS 53978 (E.D. Cal. May 4, 2010).

[3] Because Plaintiff's Motion was timely filed in conjunction with his Notice of Appeal, this Court retains jurisdiction to decide it. *See Tripati v. Henman*, 845 F.2d 205, 206 (9th Cir. 1988). Indeed, on September 9, 2014, the Ninth Circuit issued an Order holding Plaintiff's appeal in abeyance pending this Court's resolution of Plaintiff's September 4, 2014 Motion. Order of USCA (ECF Doc. No. 10).

judge of a district court to rule directly on the legality of another district judge's judicial acts or to deny another district judge his or her lawful jurisdiction.")); *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005) ("Federal district courts . . . are empowered to exercise original, not appellate, jurisdiction.").

Finally, in a subsequent supplemental document submitted in support of his Motion for Reconsideration, Plaintiff does invoke 28 U.S.C. § 1915(g)'s "imminent danger" exception by claiming California Department of Corrections employees committed acts of "bribery" and "threatened to kill [him] and his family," as he claims was "established" and "admitted" in a temporary restraining order/injunction in "Case #13-15114." Pl.'s Mot. Supplement (ECF Doc. No. 14 at 1-3). Plaintiff offers no further details related to these threats, however, nor does he allege they were ongoing or imminent at the time he filed this case. *See Cervantes*, 493 F.3d at 1053 ("[T]he availability of [the section 1915(g)] exception turns on the conditions a prisoner faced at the time [his] complaint was filed, [and] not at some earlier or later time.").

Moreover, the case number Plaintiff references appears to be *Pierce v. Gonzales*, No. 13-15114 (9th Cir. May 7, 2013), in which the Ninth Circuit reviewed the dismissal of his Eastern District of California case. *See Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (noting court's ability to take "notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (quotation marks omitted). The docket entries in Case No. 13-15114 do not show that any such threats were "established" or "admitted" during the course of that appeal, however. Instead, Case No. 13-15114 was dismissed on May 7, 2013, almost a year *before* Plaintiff filed his Complaint in the instant case. *See* May 7, 2013 Order of USCA (Dkt Entry 13). And while it appears Plaintiff later attempted to submit two separate TRO/Injunctions in the Ninth Circuit on January 29, 2014, and again on February 10, 2014, *id.* (Dkt Entry 29, 30), those submissions were rejected, and never even considered by the Court of Appeals because Plaintiff's appeal had already been dismissed. *Id.*

Thus, this Court finds Plaintiff's Motion for Reconsideration is without merit because he has failed to make any "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint in *this* case on March 24, 2014. *See Cervantes*, 493 F.3d at 1055 (holding that the section 1915(g) exception "applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing."); *see also Emmett v. Warren*, No. 6:11cv364, 2011 WL 4835679, at *1 (E.D. Tex. Oct. 11, 2011) (finding prisoner's claims of "a multitude of things be done to correct someone placing [his] life in danger" insufficient to satisfy the section 1915(g) exception); *Skillern v. Edenfield*, No. CV-610-044, 2010 WL 5638731, at *2 (S.D. Ga. Dec. 21, 2010) (allegations of improper interference with mail affecting prisoner's access to court are "plainly inadequate" to bring his case within the imminent danger exception in section 1915(g)); *Ball v. Allen*, No. 06-496-CG, 2007 WL 484547, at *2 (S.D. Ala. Feb. 8, 2007) (finding claims of denial of access to court, obstruction of justice, and interference with outgoing mail did not result in imminent danger that may result in serious physical harm).

### III. CONCLUSION AND ORDER

Accordingly, the Court **DENIES** Plaintiff's Motion to Reconsider its August 20, 2014 Order (ECF Doc. No. 6) and **DIRECTS** the Clerk of this Court to serve a copy of this Order on the Clerk for the Ninth Circuit Court of Appeals in reference to Plaintiff's appeal in USCA Case No. 14-56470.

**IT IS SO ORDERED**.

DATED: 10/1/14

HON. ROGER T. BENITEZ
United States District Judge